IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BEA MOUNTAIN MINING CORPORATION, ) ) ) ) Plaintiff, ) v. ) ) INTERNATIONAL CONSTRUCTION & ) ENGINEERING (SEYCHELLES), ) ) Defendant. ) ) | Civil No. 1:17-cv-1374-LO-MSN |

### REPORT & RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Default Judgment (Dkt. No. 13). Having reviewed the record and pleadings, the undersigned Magistrate Judge recommends entering default judgment in Plaintiff's favor for the reasons that follow.

**I.   Background**

On December 1, 2017, Plaintiff Bea Mountain Mining Corporation ("BMMC") filed a petition to confirm the final arbitral award rendered on January 23, 2017 against Defendant International Construction & Engineering (Seychelles) ("ICE") under the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards ("Convention") (Dkt. No. 1). Plaintiff alleges that both parties consented to arbitration regarding the construction of the New Liberty Gold Mine, which is in Liberia. Compl. ¶¶ 9–10, 12–13 (Dkt. No. 1). On December 10, 2012, Plaintiff, "engaged in the business of acquiring, exploring, developing[,] and putting into production mining projects," executed a contract with Defendant for work involving the New Liberty Gold Mine. *Id.* ¶¶ 17–18. Seven days later, the project commenced. *Id.* ¶ 18. In September 2014, due to changes to the project and its slow progress, Plaintiff terminated the

contract. *Id.* ¶ 19. In response, on November 30, 2015, Defendant, represented by counsel, submitted a request for arbitration. *Id.* ¶¶ 21–25, 28.

On January 23, 2017, the Tribunal dismissed Defendant's claims and issued an award to Plaintiff on its counterclaim in the amount of $6,990,626.28, with interest compounded quarterly at a rate of 2 percent until the date of payment, as well as £2,700,000 in attorneys' fees and costs. *Id.* ¶¶ 34, 36–39; Arbitral Award ¶¶ 10.10, 12.30, 14(2)–(3) (Dkt. No. 2-1). Plaintiff has twice demanded payment from Defendant, once on June 14, 2017 and again on July 7, 2017. Compl. ¶ 41; Ex. 5 (Dkt. No. 2-5). Plaintiff now requests that this Court confirm the arbitral award and enter judgment in the amount of $6,990,626.28 plus interest at a rate of 2 percent, compounded quarterly, from January 23, 2017 until payment; £2,700,000 in fees and costs plus interest at a rate of 2 percent, compounded quarterly, from January 23, 2017 until payment; and the costs of bringing this action. Compl. ¶ 51.

## II.  Procedural History

On December 18, 2017, Plaintiff's process server personally served Defendant through Joseph M. Crane, Jr. ("Mr. Crane"), Defendant's CEO and Managing Director and sole shareholder, pursuant to Federal Rule of Civil Procedure 4(c), (e), and (h). *See* Crane Decl. ¶ 1 (Dkt. No. 2-2); Register of Directors & Shares at 2–3, 5 (Dkt. No. 2-3); Affidavit of Service (Dkt. No. 9). Defendant did not file a response within 21 days of receipt (*i.e.* January 8, 2018) (Dkt. Nos. 9–10, 13). On January 23, 2018, the Clerk entered a default against Defendant (Dkt. No. 12). On February 14, 2018, Plaintiff filed this Motion for Default Judgment (Dkt. No. 13).

## III.  Service of Process, Jurisdiction, and Venue

The docket reflects that Defendant has been properly served pursuant to Federal Rule 4(h)(1)(B). *See* Affidavit of Service (Dkt. No. 9); Pl.'s Mot. for Default J. at 1 (Dkt. No. 13); Connolly Decl. ¶ 7 (Dkt. No. 13-1). As stated in the Complaint and the accompanying documents,

Mr. Crane is a resident of Alexandria, Virginia, which is in the Eastern District of Virginia. *See* Compl. ¶ 4; Register of Directors & Shares at 2–5 (Dkt. No. 2-3).

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 203, as this proceeding arises under the United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards. Compl. ¶¶ 1, 5. Moreover, the parties agreed that an arbitration decision "may be made an order of any Court of competent jurisdiction." *Id.* ¶ 6, at 3; Arbitral Award at 6 (Dkt. No. 2-4). Venue is proper pursuant to 9 U.S.C. § 204 and 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim against Defendant occurred within the Eastern District of Virginia where Mr. Crane has his residence, and/or Defendant has assets within this district that are subject to enforcement of a final judgment. *See* Compl. ¶¶ 7, 49; *Bd. of Trs., Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).

**IV.     Legal Standard**

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, No. 2:15-cv-451, 2016 WL 1714877, at *2

(E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because Defendant has not answered or otherwise timely responded, the well-pled allegations of fact contained in the Complaint are deemed to be admitted.

## V.  Analysis

Having examined the record, the Magistrate Judge finds that the well-pled allegations of fact contained in the Complaint—and supported by Plaintiff's Motion for Default Judgment and declarations—establish that Plaintiff received an arbitral award against Defendant, which Defendant has yet to pay and which is subject to enforcement in this Court. *See* Compl. ¶¶ 38–40. Plaintiff is therefore entitled to default judgment in its favor as detailed below.

### A.  United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards

The Convention applies "to the recognition and enforcement of arbitral awards made in a territory of a State other than the State where the recognition and enforcement of such awards are sought, and arising out of differences between persons, whether physical or legal." N.Y. Convention art. I(1). "When signing, ratifying or acceding to this Convention, or notifying extension under article X hereof, any State may on the basis of reciprocity declare that it will apply the Convention to the recognition and enforcement of awards made only in the territory of another Contracting State. It may also declare that it will apply the Convention only to differences arising out of legal relationships, whether contractual or not, which are considered as commercial under the national law of the State making such declaration." *Id.* art I(3); 9 U.S.C. § 202 ("An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement . . . ., falls under the Convention."). Here, Plaintiff applies in the Eastern District of Virginia for the recognition and enforcement of an arbitral award made in London, England. *See* Compl. ¶ 46. Both the United Kingdom of Great Britain and Northern Ireland, of which England is a part, and the United States

are signatories to the Convention. *Id.* ¶ 47; *see Contracting States*, New York Arbitration Convention, http://www.newyorkconvention.org/countries (last visited Mar. 28, 2018). The arbitral award arose out of a legal relationship that is commercial—between a citizen of Liberia and a citizen of the Seychelles. *Id.* ¶¶ 2–3. Plaintiff executed two contracts with Defendant for the New Liberty Gold Mine project, both of which Plaintiff terminated in September 2014, resulting in arbitration. *See id.* ¶¶ 17–21. The arbitral award is thus subject to the Convention, which "shall be enforced in United States courts . . . ." 9 U.S.C. § 201.

Pursuant to 9 U.S.C. § 207, "[w]ithin three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." On January 23, 2017, the Tribunal issued the award to Plaintiff, and less than one year later, Plaintiff initiated this litigation to enforce it against Defendant. Compl. ¶ 34. None of the grounds for refusal or deferral of recognition or enforcement of the award applies here, as Defendant has failed to enter an appearance in this case, and this Court has not found that "[t]he subject matter of the difference is not capable of settlement by arbitration under the law of [this] country[] or . . . that [t]he recognition or enforcement of the award would be contrary to the public policy of [this] country." *Id.* ¶ 51; *see* N.Y. Convention art. V (allowing refusal of award if the party providing it "furnishes to the competent authority[,]" where its recognition and enforcement is sought, proof of incapacity, invalidity of the award, lack of notice of the arbitrator or arbitration proceedings, or suspension of the award).

Accepting as true the allegations in Plaintiff's Complaint, Plaintiff has twice demanded payment from Defendant, but Defendant has yet to satisfy the arbitral award. Compl. ¶ 41; *see* Ex.

5

5 (Dkt. No. 2-5). Accordingly, pursuant to this Court's authority under the Convention and 9 U.S.C § 207, the Court confirms Plaintiff's award against Defendant.

### B. Costs

Federal Rule of Civil Procedure 54(c) narrows the relief a plaintiff may be granted on a default judgment to the monetary amount demanded in the pleadings. "In considering the scope of Rule 54(c), the U.S. Court of Appeals for the Fourth Circuit has held that in default cases, there can be no recovery over the amount pled in the complaint, and that the complaint must pray for a specific monetary amount." *Sheet Metal Workers' Nat'l Pension Fund v. Frank Torrone & Sons, Inc.*, No. 1:04-cv-1109, 2005 WL 1432786, at *8 (E.D. Va. June 1, 2005); *Glaser v. Hagen*, No. 114-cv-1726-LMB-IDD, 2016 WL 521454, at *1 n.1 (E.D. Va. Feb. 5, 2016) (denying plaintiff's request for "interest paid on a home equity loan" for failure to plead a specific monetary amount).

While Plaintiff's Complaint requests the costs of this action, it does not provide amounts for this category in the pleadings. *See* Compl. at 12; Proposed Order (Dkt. No. 13-2). Because Plaintiff does not specify a monetary amount, the undersigned recommends denying costs.

## VI. Recommendation

The undersigned recommends that default judgment be entered against Defendant in favor of Plaintiff in the amount of (1) $6,990,626.28 plus interest at a rate of 2 percent, compounded quarterly, from January 23, 2017 until payment, and (2) £2,700,000 plus interest at a rate of 2 percent, compounded quarterly, from January 23, 2017 until payment.

## VII. Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report

and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

April 3, 2018
Alexandria, Virginia